III. Statement of Claim

Complaint of Discrimination

I, Chloe Baker, allege that I was harassed by co-workers and subordinates, Anna Martinez, Courtney Paulding, and Betty Dannhei; which led me to file a formal complaint on December 27, 2018. The events leading up to, during, and after are as follows:

1.    On October 15, 2018, in our data system of notes, Betty Dannhei, Paralegal, falsely accused me of going against policy and referred to me as, "girl." Later on this same day, she saw me on the stair well and yelled to me, "Run, girl. Run."

2.    On November 1, 2018, Anna Martinez, Intake Specialist, reported to Sonia Lopez, Directing Attorney, that I had taken an hour break. (Sonia Lopez's office was in Belton, Tx, Anna Martinez's office was located in Downtown Houston, Tx, and my office was located in the Houston VA Medical center.) Lili Morales, Assistant to the directing attorney, tried to take an hour of my PTO based off of this false allegation.

3.    On November 20, 2018, Anna Martinez refused to properly handle a workflow assigned to her by me. She fabricated her reasonings for me having to come to the Downtown Houston office and do it myself. (Houston VA office was a remote location that did not have all of the resources other offices were afforded.)

4.    On December 27, 2018 a client came into the remote location VA (Chloe Baker's office) and told me they had called the LSLA hotline (Anna Martinez) to check on his pending case in recent days. Instead he was told by Anna Martinez to file a complaint on me, Chloe Baker. This was never client's intent, he just wanted an update. Once I heard this news, I filed a formal complaint with Sonia Lopez who immediately ran it up the chain to Ernest Brown, Deputy Director, and Pamela Sotoodeh, Director of Administration.

**The entire office closed for the holidays. Ernest Brown scheduled a meeting with me to discuss these complaints on January 17, 2019. Between the filing of the complaint and the meeting, the following incidents occurred in the office setting:**

5.    On January 3, 2019, everyone's first day back in office, Anna Martinez told office co-workers that I, Chloe Baker, "kissed [Sonia Lopez's] butt," to get the remote office promotion at the Houston VA hospital.

6.    On the same day, January 3, 2019, Courtney Paulding referred to me as "the little helper," in Practice Manager data notes. I immediately reported this to our directing attorney and supervisor, Sonia Lopez due to it's racial connotation.

7.    Lastly on January 3, 2019, Anna Martinez wrote a note in Practice Manager referring to me as, "the young black girl at the VA." Immediately reported this to our directing attorney and supervisor, Sonia Lopez via email and pointed out the pattern of disparate treatment.

8.   On the day of January 4, 2019, I was denied travel voucher expenses due to Assistant of Directing Attorney not signing off. By this date, I had 3 months of travel vouchers owed to me. The reasoning was later dismissed by Sonia Lopez and signed off as turned in.

9.   On January 17, 2019, Ernest Brown met with me at 500 Fannin to discuss the complaint. I expressed to him the adverse working conditions at the remote location such as not having a printer, having to use my personal telephone to call clients and applicants, not having a copier, and not having weekly meetings with my Staffing and Directing Attorneys like every other Paralegal in the unit.
Ernest Brown told me that I was being sensitive and suggested that I move to a different unit in the organization.

10.   On January 22, 2019, Jalanda Phillips, a Paralegal from the Belton, Tx office, assigned me 41 of Anna Martinez's Intake Specialist tasks. At the time, I was reporting directly to Mariah Nolan, Staff Attorney, and this would be where my workflows would come from.

11.   On this same day January 22, 2019, I went to seek help from my psychiatrist and was immediately put-on bed rest for PTSD and depression flare ups caused by a hostile work environment until February 1, 2019.

12.   On January 31, 2019 Pamela Sotoodeh sent a memo on behalf of Ernest Brown with an incorrectly dated response to my December 27, 2018 complaint showing he found no evidence of discrimination or wrong-doing.

13.   Also, on January 31, 2019, one day before I was scheduled to return from sick leave, Pamela Sotoodeh sent a termination of my temporary work agreement on behalf of Ernest Brown.

14.   I continued to work at 2929 McKinney St. referring clients and applicants to Lone Star Legal Aid. On January of 2020, I had an appointment with Courtney Porter, a Staff Attorney with Lone Star Legal Aid. Anna Martinez chased me down the hall and told me I did not belong in that part of the building.

I believe the actions taken against me were adverse and I was retailed against for filing an in-office complaint by Sonia Lopez, Ernest Brown, and Pamela Sotoodeh. I had also been denied reasonable accommodations while at a remote location by Lone Star Legal Aid.

DECLARATION

I, the undersigned, declare under penalty of perjury that the foregoing statements made in the above are true and correct to the best of my knowledge, information, and belief.

(sign)
Name

11/17/2020
Date





Practice Manager Desktop

Matters Entities Documents Schedules Notes Groupware Workflow View Files Query Admin Sync Desktop Exit

Note | Relate to Matters | Relate to Entities | Related Annotations | Related Issues |

Type: INTAKE — Intake
Author: BDANNHE — Dannheim Betty

Flag note as: ☐ Locked ☐ Private

10/11/2018 3:14:01 PM by BDANNHEIM for Williams, Marcellus L. Seen at MacGregor Park outreach 10/6/18 **INCOMPLETE APPLICATION**
Unsure what the A's issues are Consumer and Miscellaneous were both checked on pr[illegible] application called A and L/M for him and he has not called me back today, prep'd 10 day letter scanned & dropped prelim app to PM. WF to BD to f/u on 10 day letter

10/15/2018 1:15:20 PM (BDANNHEI) rec'd message from A, called him back and L/M

**10/16/2018 4:15:59 PM (BDANNHEI) finished with application**
A is trying to collect a debt from brother for a computer that he bought and financed for him through Barclays Bank in Delaware for $3600.00 with the stipulation that he would pay him back and also give him his old computer. In 2017 A went to Vantage Acceptance, a debt negotiator, and got this reduced to $950.00. A's brother Tyrone has not paid anything on this and told him he isn't going to pay nor is he going to give him the computer. No written agreement this was a handshake deal with his brother. A said he was told by a girl at the outreach that we would do an inability to pay for him since that was all he wanted. not really sure but will get with CB2 tomorrow. Gave A fax# to send vet doc

**10/16/2018 08:21 AM (CBAKER2)** Received VA letter via vet help box. Spoke with BD about previous note. Since there were 3 women at the outreach not sure who could've told him this legal information. Doubt A was told by the [illegible] would do something for him legally considering we can't do as little as give advice without completed eligibility information. Upload to PM, update matter aux tab

**Subject:** FW: leave request

Chloe,

Sonia arrived at MVU yesterday morning and was looking for you and MVU said you had stepped out.

**From:** Lili Morales
**Sent:** Thursday, November 01, 2018 9:02 AM
**To:** Chloe Baker
**Subject:** RE: leave request

Good morning Chloe.

MVU said you left the building to take care of a personal matter at about 8:11 am and you return to office at about 9:11 am.

**From:** Chloe Baker
**Sent:** Wednesday, October 31, 2018 5:57 PM
**To:** Lili Morales
**Subject:** Re: leave request

I did not take an hour of personal time off today. I will get you the leave request form tomorrow when I am back in office.

Sent from my iPhone

On Oct 31, 2018, at 4:07 PM, Lili Morales <LMorales@lonestarlegal.org> wrote:

> Hi Chloe, I understand you need a leave day/time for voting. Please send me your leave
> request for the date that you'd like to take care of this  Also, please include a leave request
> for the morning 1 hour personal time off you took today.
>
> Thanks Chloe,
>
> *Lili Morales*
>
> Administrative Assistant
>
> *Belton & Conroe Branch offices*
>
> *Crime Victims Unit & Military and Veterans Unit*
>
> 412 W. Lewis
>
> Conroe, Texas 77301
>
> https://lonestarlegal.blog/
>
> (t) 936-539-2130 x2635
>
> (f) 936-539-2144
>
> <Leave Request Form.doc>

 Gmail                                    Chloe Baker <chloembaker2014@gmail.com>

## FW: leave request

**Chloe Baker** <CBaker2@lonestarlegal.org>                    Thu, Jan 17, 2019 at 8:58 AM
To: "chloembaker2014@gmail.com" <chloembaker2014@gmail.com>

**From:** Lili Morales
**Sent:** Thursday, November 01, 2018 10:57 AM
**To:** Chloe Baker
**Subject:** RE: leave request

Thank you Chloe, what time did you take your break and return?

**From:** Chloe Baker
**Sent:** Thursday, November 01, 2018 9:59 AM
**To:** Lili Morales
**Subject:** RE: leave request

I did not leave the office at 8:11. I take my morning break everyday at 8.35 and I even have an alarm that
alerts me to stop working. I was under the impression that we could handle our breaks in whatever manner
we'd like. If the transcript were work related, I wouldn't have handled it during one of the two breaks that I
am entitled to everyday. I did not take an hour of leave

**From:** Lili Morales
**Sent:** Thursday, November 01, 2018 9:28 AM
**To:** Chloe Baker
**Subject:** RE: leave request

Was the transcript work related? If the transcript drop off was not work related, how would you like us to
handle the hour leave?

**From:** Chloe Baker
**Sent:** Thursday, November 01, 2018 9:17 AM
**To:** Lili Morales
**Subject:** RE: leave request

Yes,
I went to drop off a transcript (2 miles from the unit) during my morning break. I did not take an hour of
personal time yesterday morning

**From:** Lili Morales
**Sent:** Thursday, November 01, 2018 9:15 AM
**To:** Chloe Baker



## Baker, Chloe

| | |
|---|---|
| **From:** | Anna Martinez |
| **Sent:** | 11/20/2018 08.41 AM |
| **To:** | Chloe Baker |
| **CC:** | |
| **BCC:** | |
| | |
| **Attachments:** | |
| **Priority:** | Normal |
| **Request:** | None |
| **Security:** | Normal |
| **Deliver After** | 0  days(s) |
| | |
| **Subject:** | Form |

do not know what a form 21-22 is. you'll have to do this one

Note - Jenkins, Eugene, Jr - [Intake Note]

ofc. Took originals and scanned into pm. Provided Mr. J with copies of everything. Gw CB2 re: signed papers.

**10/18/2018 02:13 PM (CBAKER2)** Reviewed documents signed by C, emailed to ogcaccreditationmailbox@va.gov. Dropped email into groupware.

**10/29/2018 09:58 AM (CBAKER2)** Received response via email stating I need to mail in VA 21-22a, mailed 10/29/18 Houston Regional Benefit Office 6900 Almeda Road Houston, TX 77030

**10/31/2018 4:59:13 PM (AMARTINE)** received via return mail, letter sent 10/4/2018 to A, scanned and entered into PM, gave to CBaker

**11/16/2018 4:22:02 PM (CBAKER2)** Received VM from A, MN2's signature is needed in box's 16 and 17. Email MN2.

**11/19/2018 9:55:25 AM (CBAKER2)** Received VM from A, gave him a call back letting him know that MN2 signed box 16 and 17. Uploading to PM. WF AMaritnez to mail out form to  Houston Regional Benefit Office 6900 Almeda Road Houston

**11/19/2018 08:37 AM (AMARTINE)** received via mail from Department of Veterans Affairs, scanned and entered into PM, staff w/ MNolan said to place on CBaker's desk.

**11/20/2018 10:09:35 AM (CBAKER2)** Received email via AMartinez that she was not capable of mailing off form 21-22a that I had attached to initial email and that I needed to come and do it myself. Left post at VA (with MN2 there) to come to CAX and mail off signed 21-22a. Email MN2 and SL to notify.

11/21/2018 10:15 AM (AMARTINEZ)  Staffed with CB who was rather upset and took offense to the fact that I questioned what the 21-22a form was since I was not familiar with this type of form, and I did not want to be responsible for mailing something to a client that was not supposed to go out before checking exactly what the paperwork was. Due to my questioning of this paperwork, CB felt obliged to personally come to combined arms and do it herself.

**11/20/2018 10:40:37 AM (CBAKER2)** Form 21-22a mailed off 11/20/18 file maintenance

**11/20/2018 4:31:22 PM (CPAULDIN)** Review of matter per SL

**11/21/2018 09:54 AM (MNOLAN2)** T/C from CBa wanting clarification on this matter. Client received a denial letter on May 2, 2018 denying him 3 (bilateral hearing loss, cervical spine injury, and lumbar spine injury) of 4 veteran disability claims he submitted. Client needs assistance in preparing his appeal documents to be submitted to the VA. Client must first submit a Notice of Disagreement which notifies the VA that he disagree with its decision and plan on submitting an appeal. Client must submit his NOD by May 2, 2019 - one year from the date of the denial letter. With the appeal comes drafting an affidavit describing in detail Client's medical condition and how it is affecting him daily, character letters (from church members, family members, who can attest to Client suffering from these conditions), submitting all medical records Client has in his possession, and organizing all of these documents to submit via CMRRR to the VA. Afterwards, Client would have to wait (wait



## Chloe Baker

**From:** Courtney Paulding

**Sent:** Thursday, January 03, 2019 12:04 PM

**To:** Mariah Nolan; Chloe Baker

**Subject:** RE: Came by office.......{Sanders, Bruce [Intake Matter]}Sanders, Bruce - [Intake Note]{Matter No.[1811-034365-MVU]}

It was mean – I quoted the statement so that it would show his disposition – I am happy to eliminate it if you want. I try to capture the conversations as the applicant/client communicates.

**From:** Mariah Nolan
**Sent:** Thursday, January 3, 2019 11:57 AM
**To:** Courtney Paulding; Chloe Baker
**Subject:** RE: Came by office.......{Sanders, Bruce [Intake Matter]}Sanders, Bruce - [Intake Note]{Matter No.[1811-034365-MVU]}

The attorney and her helper is a rather mean choice of words and I don't think that should be part of any applicants' notes.

**From:** Courtney Paulding
**Sent:** Thursday, January 03, 2019 10:23 AM
**To:** Chloe Baker; Mariah Nolan
**Subject:** Came by office.......{Sanders, Bruce [Intake Matter]}Sanders, Bruce - [Intake Note]{Matter No.[1811-034365-MVU]}

Most recent notes........

12/27/2018 02:01 PM (CBAKER2) A came into the VA to bring in more denial letters. A was denied three more times and would like to know what his next steps are. I gave him referral to combined arms as an attempt to search for better avenues. However, A is adament about getting his phone through assurance and would like to get a reportive investigator on the case. I informed A that he if more than welcome to do so, but we do not do things of that caliber.

12/28/2018 08:33 AM (CPORTER2)C came to the office yesterday. I answered the door said he was looking for someone to help him with his cell phone. Couldn't really understand what he was saying. Seem very all over the place. He said that he was told from people at VA to come here. I called MN and CB they said they recommended that he came to combined arms and see if they can assist him with getting cell phone. I walked him down to combined arms, but they were closed until after the new year. He discussed that he was receiving letters rejecting from gettin a cell phone and he wanted a lawyer to sue the company even if he is able to get a cell phone for a different company. He said he would come back to combined arms after the holiday.

01/03/2019 10:09 AM (CPAULDIN) C came by office this morning.  Stated that he needed a lawyer to sue the Texas Commissions (something or other) and Assurant Wireless because Assurant has repeatedly denied him a cell phone. Ranted about his individual rights being violated because he is being denied a phone.  I informed him that having a phone was not a "right" per se, but acknowlegded that it was an inconvenience.  He further demanded that we sue the cell phone company because of the multiple denials.  I told him that since this is not an indivdual rights issue, that we do not engage in civil suit, fee-generating litigation.  Though, we certainly do assist our clients in other matters, such as individual rights, family law issues, etc....

I asked him if he had the most recent denial letter with him and he said "no".  I told him if he had the document, then perhaps we could examine it closely for the specificity that he is searching for regarding the denial.

Next, I asked him if he was able, through CB2's assistance, to talk to a supervisor at Assurant and he stated that phone calls were made but no progress (in his favor) was rendered.  He is demanding to know why is documentation is insufficient.  C stated that he went to Combind Arms and no one was able to assist him.  C stated that he was going to back to the VA to talk to "that attorney and her helper".  I told him that I would let CB/MN know that he may drop-in and that he must bring he most recent denial letter with him.

1/3/2019



# Chloe Baker

| | |
|---|---|
| **From:** | Chloe Baker |
| **Sent:** | Friday, January 04, 2019 10:09 AM |
| **To:** | Sonia Lopez |
| **Cc:** | Anna Martinez; Mariah Nolan |
| **Subject:** | {Garza, Joel M [Intake Matter]}Garza, Joel M - [Intake Note]{Matter No.[1901-000217-MVU]} |

**PM Message ID: 8160292**

1/3/2019 4:21:30 PM by AMARTINEZ for Garza, Joel M        PC: 01        LawType: Bankruptcy/ Debtor
Relief        HH: 1

A is seeking assistant with bankruptcy. A called to say that he had filled out an application at debakey and
wondered where it was in the process of being accepted. Let A know that I could not find an application, A had
called previously and I had asked CB if she had the application and if so could she please enter it in the system,
CB said she would call him. Yesterday when A called he said it had been a month and he was getting upset.
Asked NJO to assist, NO asked client his full name and ss# to see if maybe it was entered wrong. No such
application existed, A was on speaker phone and began to get very irrate. NO said that she was sorry but there
was nothing in the system and we could do the application. NO asked how he did the application the first time if it
was done through the computer, he said he filled out the application on paper with" a young  black girl at the VA
hospital" in the Pension/compensation department on 4th floor.  NO apologized again and asked if he would like
to do the application.  To this A started being very rude saying that he was going to the VA hospital and filing a
complaint with HR regarding these staff and how they did not do their job and he had waited a month for nothing.
NO asked about the issue he was having and who the AP was, A wanted a bankruptcy said he had about
$20,000 in debt secured and unsecured.  NO asked if he knew much about bankruptcy he said yes and that he
wanted a chapter 13, NO said that she could do the application but he would need to fill out the paperwork
questionnaire so we could do the means test and figure out if he would qualify for bankruptcy since A seemed to
think it was automatic that we simply do these cases.  A said he knew he qualified for bankruptcy he had done
that, NO asked if he had taken a pre bankruptcy course, that the court requires that also.  He said he had the
certificate of counseling already it was our fault that nothing was being done and he was filing his complaint with
VA.  NO explained that he could do that but that legal aid was not affliated with the VA hospital that they merely
gave us space via an office. That if A did the application it would be entered in the notes that he was very
disatisifed and that he could then file a complaint through the directing attorney who was over the staff members.
A began to get more rude then saying there would be no office given to LSLA once he was done filing his
complaint at the VA HR.  Again NO said that the application could be done now if he wished to try and get
assistance and he wanted to complain that she was just letting him know the correct channels.  He then started
yelling he had enough and that he would do the application and she should just get on with it, his tone of voice
was very nasty and NO said that there would be some questions he would need to answer on the the aplication to
which A declared "Just get on with it then I have told you that".  NO handed phone back to me to do the
application but A had hung up.  Called A back to do the application he did not answer, left a vm to call us back.
He then called back and information was entered into PM.

01/04/2019 09:30 AM (SLOPEZ) - matter reviewed.  WF-AM schedule intake w AMoore

01/04/2019 10.05 AM (CBAKER2) I have a preliminary application for this applicant. I attempted to call to
complete application to no avail, I have only spoken with this client on one occassion which he had already been
instructed to file a complaint on me by my collegauges. On the day in question, I had already went home for the
day and the office had been closed for the following holiday. However, after hearing how upset he had been I took
personal time to reach out to client where he had already been provoked to, "take pictures of my door," and "file a
complaint on the company" instead of simply helping the applicant over the phone since this location had already
been closed. Email SLopez about concerning language in notes being offensive .

This is not the first time my race and age has been brought into the notes. I take extreme offense to it and I do not
see what this adds to the notes nor how this language is a good representation of Lone Star Legal Aid.

Sonia, please let me know when you have read this email. Thank you.

1/4/2019



Note - Sanders, Bruce - [Intake Note]

phone and he wanted a lawyer to sue the company even if he is able to get a cell phone for a different company. He said he would come back to combined arms after the holiday.

**01/03/2019 10:09 AM (CPAULDIN)** C came by office this morning. Stated that he needed a lawyer to sue the Texas Commissions (something or other) and Assurant Wireless because Assurant has repeatedly denied him a cell phone. Ranted about his individual rights being violated because he is being denied a phone. I informed him that having a phone was not a "right" per se, but acknowlegded that it was an inconvenience. He further demanded that we sue the cell phone company because of the multiple denials. I told him that since this is not an indivdual rights issue, that we do not engage in civil suit, fee-generating litigation. Though, we certainly do assist our clients in other matters, such as individual rights, family law issues, etc....

    I asked him if he had the most recent denial letter with him and he said "no". I told him if he had the document, then perhaps we could examine it closely for the speicificity that he is searching for regarding the denial.

    Next, I asked him if he was able, through CB2's assistance, to talk to a supervisor at Assurant and he stated that phone calls were made but no progress (in his favor) was rendered. He is demanding to know why is documentation is insufficient. C stated that he went to Combind Arms and no one was able to assist him. C stated that he was going to back to the VA to talk to "that attorney and her helper". I told him that I would let CB/MN know that he may drop-in and that he must bring he most recent denial letter with him.

**01/03/2019 01:51 PM (CBAKER2)** A has multiple denial letters in PM. Will be contacting SLopez in regards to the concerning language in prior notes. A was sent to Combined Arms to seek new resources (States in the notes above) Email SL and CP2

1/3/2019 2:18:49 PM (CPAULDIN) Just to reclarify the previous notes so has not to have it confused, CLIENT referred to the staff at the VA Debakey Hospital as "That attorney and her helper". This is NOT a personal comment, but rather the direct quote of the client who was clearly frustrated and confused because he feels like he is not getting help from us, Debakey nor Combined Arms.

7

 Gmail

Chloe Baker <chloembaker2014@gmail.com>

## FW: October Travel

**Chloe Baker** <CBaker2@lonestarlegal.org>
To: "chloembaker2014@gmail.com" <chloembaker2014@gmail.com>

Thu, Jan 17, 2019 at 8:53 AM

**From:** Chloe Baker
**Sent:** Monday, November 05, 2018 3:21 PM
**To:** Sonia Lopez
**Cc:** Lili Morales
**Subject:** October Travel

Hello!
Here are is my October travel form

Chloe Baker

Paralegal-MVU

Lone Star Legal Aid

2929 McKinney, 2nd Floor, Houston, Texas 77003

O (713) 652-0077 x 1013 · F (713) 652-4063

Notice of Confidentiality

This e-mail message and attachments, if any, are intended solely for the use of the addressee hereof. In addition, this message and attachments, if any, may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. Delivery of this message to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message from your system

📎 **doc01834220181105161330.pdf**
931K

(f) 936-539-2144

**20181217143614077.pdf**
220K

 Gmail

Chloe Baker <chloembaker2014@gmail.com>

## FW: November Travel and Training Reimbursement, and all other Reimbursement due COB Friday, 12. 6.18

1 message

**Chloe Baker** <CBaker2@lonestarlegal.org>                                      Thu, Jan 17, 2019 at 8:55 AM
To: "chloembaker2014@gmail.com" <chloembaker2014@gmail.com>

**From:** Sonia Lopez
**Sent:** Tuesday, December 04, 2018 3:54 PM
**To:** Military and Veterans Unit
**Subject:** Fwd: November Travel and Training Reimbursement, and all other Reimbursement due COB Friday, 12. 6.18

MVU,

We have a reporting deadline for a majority of our grants this month

Please submit all of your travel and training expenses for all expenses through 11 30 18 by the end of the week. In order to include expenses in the grant financial reports due 12 15 18 for grants whose reporting period ended 11 30 18, we'll need to receive the expenses in time to review and approve them.

        Thank you

Sonia

 Gmail

Chloe Baker <chloembaker2014@gmail.com>

## FW: Chloe Baker - Travel Reimbursement

1 message

**Chloe Baker** <CBaker2@lonestarlegal.org>
To: "chloembaker2014@gmail.com" <chloembaker2014@gmail.com>

Thu, Jan 17, 2019 at 8:51 AM

**From:** Robyn Rice
**Sent:** Wednesday, January 09, 2019 4:25 PM
**To:** Chloe Baker
**Cc:** Sonia Lopez; Accounting E-mail
**Subject:** RE: Chloe Baker - Travel Reimbursement

Hi Chloe,

Do you recall the date the November expense report was submitted to Accounting? I've checked with Nekia and Hong and they do not have record of the November report having been submitted. It seems we received the October on Friday evening. Unfortunately, Accounting cannot turn around a reimbursement in this short of a time frame. Also, please note that the excerpt below from the LSLA 2018 Travel Reimbursement Policy. The October expense report was due on November 15th. When reimbursement requests are turned in past the due date, they fall behind in the queue of invoices/reimbursements to be processed. Please let me know if you have any questions.

Local travel reimbursements will be paid on a monthly basis. The employee should submit the signed and approved form by the supervisor within fifteen (15) days following the month in which the expense was incurred. In special circumstances, an employee may request reimbursement prior to the end of the month.

Thanks,

Robyn

**From:** Chloe Baker
**Sent:** Wednesday, January 09, 2019 3:28 PM
**To:** Sonia Lopez; Accounting E-mail
**Subject:** RE: Chloe Baker - Travel Reimbursement

 Gmail

Chloe Baker <chloembaker2014@gmail.com>

## FW:

**Chloe Baker** <CBaker2@lonestarlegal org>                    Thu, Jan 17, 2019 at 8:52 AM
To: "chloembaker2014@gmail com" <chloembaker2014@gmail com>

---

**From:** Chloe Baker
**Sent:** Friday, December 07, 2018 11:06 AM
**To:** Lili Morales
**Cc:** Sonia Lopez
**Subject:**

Hello,
I have attached the corrected October travel, November travel, and check request for Shipley's along with the reciept

Thank you

**4 attachments**


**IMG_5535.jpg**
1163K

Shipley's check request.pdf
34K

October Reimbursement.pdf
766K

November travel.pdf
682K

Hello.

Just wanted to know where we were on processing this check. Also. I only see October attached to this email and I am still waiting on November as well. Does anyone know where we are with that travel voucher?


Chloe Baker

**From:** Sonia Lopez
**Sent:** Friday, January 04, 2019 6:29 PM
**To:** Accounting E-mail
**Cc:** Chloe Baker
**Subject:** Chloe Baker - Travel Reimbursement

For processing, please find attached a travel reimbursement for Chloe Baker.


Sonia





**DEPARTMENT OF VETERANS AFFAIRS**
Medical Center
2002 Holcombe Boulevard
Houston TX 77030

In Reply Refer To: 580/111/PC

## Certificate of Visit

Mr/Ms/~~Mrs.~~ ___Chloe Marie Baker___ was
seen in the Prime Care Clinic at the VA Medical Center
on ___Jan 22nd 2019___ (day), _01_ / _22_ / _2019_ (date).

He/she will be unable to perform their regular work
until ___Feb_ / _1st_ / _2019___

**Restrictions are (if applicable)**_____
_____.

_____          _____
**Signature and Title**                                    **Date**



**PAUL E. FURRH, JR.**
Attorney at Law
Chief Executive Officer

**ERNEST W. BROWN, JR.**
Attorney at Law
Deputy Director



Mailing Address:
1415 Fannin Street
Houston, Texas 77002

713-652-0077 Telephone
713-652-2709 Fax
800-733-8394 Toll-free

## Lone Star Legal Aid
### ADMINISTRATIVE OFFICE
### Houston, Texas

January 31, 2019

<u>MEMO TO FILE</u>

To:   Chloe Baker
From: Ernest W. Brown, Jr.
      Deputy Director/Lone Star Legal Aid

Re:   Response to January 3, 2019 formal complaint

I have concluded my internal investigation of the concerns raised in your January 03, 2019 formal complaint.

I have interviewed interested parties and reviewed the relevant notes in Practice Manager. Although the notes entered by LSLA staff in the case management system could be interpreted as inappropriate, the drafter was following our training pertaining to accurately memorializing statements made by the applicant. We do not condone the language reflected in the notes in question. The notes are, however, an accurate reflection of statements made by the applicant and transferred into his file.

In addition, your complaints pertaining to interoffice personality dynamics have been addressed with the relevant parties.

It is my conclusion that the claims you allege in your formal complaint do not rise to the level of harassment and/or racial discrimination.

  

*via email*

**PAUL E. FURRH, JR.**
Attorney at Law
Chief Executive Officer

**ERNEST W. BROWN, JR.**
Attorney at Law
Deputy Director

Mailing Address:
1415 Fannin Street
Houston, Texas 77002

713-652-0077 Telephone
713-652-2709 Fax
800-733-8394 Toll-free



# Lone Star Legal Aid
## ADMINISTRATIVE OFFICE
### Houston, Texas

January 31, 2019

*Via email*
Ms. Chloe Baker

      Re:     Notice of non-renewal of Temporary Worker Agreement

Dear Ms. Baker:

      Please be advised that your Temporary Worker Agreement terminates today, January 31, 2019.

      Lone Star appreciates the commitment and hard work you have given to our firm and the people we help. We wish you the best of luck and success.

      Sincerely,

      ERNEST W. BROWN, JR.
      Deputy Director

EWB/ps

*Serving the East Region of Texas since 1948*
Angleton, Beaumont, Belton, Bryan, Conroe, Galveston, Houston, Longview, Nacogdoches, Paris, Texarkana, Tyler, Waco

  



EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Chloe M. Baker<br>6935 Hockley Garden<br>Houston, TX 77049 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 460-2020-03799 | **Jesus M. Santiago,**<br>**Investigator** | | (346) 327-7709 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [X] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Roy Wilkerson for*
_____                         8-19-20

Rayford O. Irvin,                                          (Date Mailed)
**District Director**

Enclosures(s)

cc:      **Pamela Sotoodeh**
         **Director of Administration**
         **LONE STAR LEGAL AID**
         **2929 McKinney St**
         **Houston, TX 77003**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you **receive** this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002
Houston Direct Dial: (713) 651-4900
TTY (713) 651-4901
FAX (713) 651-4902
Website: www.eeoc.gov

September 23, 2020

Dear Ms. Chloe Baker:

This is in response to your email dated September 11, 2020, concerning a portal inquiry that you submitted to the U.S. Equal Employment Opportunity Commission (EEOC) on February 21, 2019, involving Lone Star Legal Aid, inquiry #460-2019-02226.

A review of the investigative file reveals that you were interviewed by Investigator Vernon Gardner on March 13, 2019. Mr. Gardner's notes indicate that you were advised of your right to file a charge of discrimination against Lone Star Aid; however, you chose not to file a charge at that time. Since more than 300 days have elapsed since your date of harm, January 31, 2019, your allegations of discrimination are now considered time-barred.

While we understand that you firmly dispute Mr. Gardner's version of what was discussed during your interview on March 13, 2019, we must make a decison based on the information and facts provided by Mr. Gardner in the investigative file.

Based on the discussion above, no further action will be taken regarding this inquiry.

Sincerely,

**Gabriel Cervantes**
Digitally signed by Gabriel Cervantes
DN: cn=Gabriel Cervantes, o=EEOC, ou=, email=gabriel.cervantes.1@eeoc.gov, c=US
Date: 2020.09.23 15:50:33 -05'00'

Gabriel Cervantes
Intake Supervisor

**Gender:** F

**Disabled:** I do not have a disability

**Are you Hispanic or Latino?** not hispanic or latino

**Ethnicity:** American Indian or Alaskan Native, Black or African American,

**National Origin:** American(U.S.)

### Adverse Action(s)

I filed a complaint because of co worker harassing me in the workplace and making it a hostile environment 12/27/18 I am of African/Native American decent and have been referred to as "girl" 10/15/18 "the black girl"1/3/19 "helper"1/19/19 in notes and emails.

On 01/22/19 I was assigned 40 new tasks that would normally belong to the co worker that I had filed a complaint on. . I was sent home for 8 days of sick leavel had 10 days of sick leave still able to use, but I still have not been paid. 1/31/19 the findings of HR about my compliant (which was dated incorrectly) was sent to me saying the notes about me were appropriate and apart of the company's training. Within 10 minutes of that email, I was sent my termination papers.

## Supplemental Information

### What Reason(s) were you given for the action taken against you?

N/A

### Was anyone in a similar situation treated the same, better, or worse than you?

N/A

### Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.

N/A

### Please tell us any other information about your experience?

N/A

# Inquiry Information

## REASON(S) FOR CLAIM

**Date of Incident (Approximate):** 01/31/2019

**Reason for Complaint:** Race, National origin and/or ethnicity, Color, Retaliation - I filed a charge of job discrimination about any of the above

**Pay Disparity:**

**Location of Incident:** Texas

**Submission (Initial Inquiry) Date:** 02/21/2019

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:** N/A

**Charge Number:** N/A

**Claim previously filed as complaint with another Agency?** No

**Agency Name:** N/A

**Approximate Date of Filing:** N/A

**Nature of Complaint:** N/A

## INQUIRY OFFICE

**Receiving:** Houston District Office

**Accountable:** Houston District Office

## APPOINTMENT

**Appointment Date and time:**

**Interview Type:**

## APPROXIMATE DEADLINE FOR FILING A CHARGE:  11/26/2019

## POTENTIAL CHARGING PARTY

**First Name, Middle Initial:** Chloe

**Last Name:** Baker

**Street or Mailing Address:** 6935 Hockley Garden