UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHLOE BAKER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-03870 |
| | § | |
| LONE STAR LEGAL AID | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S SECOND AMENDED MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Lone Star Legal Aid ("Defendant") moves to dismiss all claims against it because Plaintiff failed to timely file a charge of discrimination with the EEOC.

### FACTUAL BACKGROUND

1. Plaintiff Chloe Baker ("Plaintiff") was employed by Lone Star Legal Aid until her temporary employment arrangement terminated on January 31, 2019.

2. On November 17, 2020, Plaintiff filed an Amended Complaint (Dkt. 2) (the "Amended Complaint") (amending Plaintiff's Original Complaint, filed four days earlier on November 13, 2020), in which she alleged that, by terminating her employment, Defendant and several employees of Defendant discriminated against her on the basis of her race and/or disability, failed to accommodate her disability, subjected her to unequal terms and conditions of employment, and retaliated against her because she complained about discrimination.

3. On February 23, 2021, Plaintiff filed the Second Amended Complaint (Dkt. 17) (the "Second Amended Complaint"), in which she makes the same allegations against Defendant only.

4. Although Plaintiff attached substantial documentation to her Amended Complaint in support of her allegations, she did not attach or incorporate any documentation to her Second Amended Complaint.

5. Defendant understands this to be unintentional and attaches those documents to this Motion as exhibits, particularly to the extent they are referenced in the Second Amended Complaint and central to Plaintiff's claim.[1] The first of these attachments is Plaintiff's documentation of the initial inquiry she submitted through the Equal Employment Opportunity Commission's (the "EEOC") online portal on February 21, 2019, in which she complained about race discrimination (the "Inquiry Information Submission," attached hereto as Exhibit A).[2] Also attached is Plaintiff's right to sue letter from the EEOC, dated August 19, 2020, in which the EEOC dismissed Plaintiff's claim because she failed to file a timely charge (the "EEOC Notice," attached hereto as Exhibit B).[3] Finally, Plaintiff also provided a letter she received from the EEOC on September 23, 2020, in which the EEOC informs her that it had instructed her to file a timely charge well before her applicable deadline, and that she declined to do so (the "EEOC Letter," attached hereto as Exhibit C).

---

[1] This Court may consider these exhibits at the 12(b)(6) stage, and as part of this motion. *See Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *see also Thomas v. Link Staffing*, 2019 WL 497617, at *2 (S.D. Tex. Jan. 8, 2019), report and recommendation adopted sub nom. *Thomas v. Staffing*, 2019 WL 480133 (S.D. Tex. Feb. 7, 2019) (considering "TWC and EEOC documents" attached to 12(b)(6) motion to dismiss).

[2] Plaintiff refers to the Inquiry Information Submission in the Second Amended Complaint as the first charge she filed with the EEOC. *See* Second Amended Complaint, at 5 (reporting February 20, 2019 as her earliest charge filing date, at Section IV.A). Plaintiff also alleges she filed a second charge on May 21, 2020. *Id*. As the Inquiry Information Submission makes clear, any charge filed by Plaintiff on that date would have been untimely. *See* Inquiry Information Submission, at 1 (identifying the approximate deadline for Plaintiff to file a charge as November 26, 2019).

[3] Plaintiff refers to the EEOC Notice alongside her reference to the Inquiry Information Submission. See Second Amended Complaint, at 5 (reporting August 21, 2020 as the date she was issued a Notice of Right to Sue letter, at Section IV.B).

**ARGUMENT**

6.      Section 706(e)(1) of Title VII requires a plaintiff to file a charge of discrimination within 300 days of an alleged unlawful employment practice. 42 U.S.C. § 2000e-5(1). Section 107 of the ADA incorporates the same requirements. 42 U.S.C. § 12117(a) (incorporating requirements from 42 U.S.C. § 2000e-5(1)). Applying that limitations period, Plaintiff was required to file an administrative charge of discrimination no later than November 26, 2019.

7.      While Plaintiff claims that she filed a charge of discrimination with the EEOC on February 20, 2019, the EEOC appears to dispute that contention. *See* EEOC Notice, at 1 (indicating that Plaintiff's charge was untimely filed).[4] This dispute arises from differing interpretations of the effect of the Inquiry Information Submission, which appears to be the only document Plaintiff submitted to the EEOC on or around February 20, 2019, or at any time before November 26, 2019. Plaintiff takes the position that the Inquiry Information Submission should constitute a charge for the purpose of exhausting administrative remedies, and the EEOC does not.

8.      The EEOC is correct: The Inquiry Information Submission fails to meet the objective requirements of an administrative charge, and therefore fails to save Plaintiff's claim. In order to constitute a charge, a filing must both: i) satisfy the EEOC's charge-filing requirements;[5]

---

[4] As noted, Plaintiff also claims that she filed a charge on May 21, 2020. While Defendant has not seen a copy of that charge, it assumes that such a charge was filed since the EEOC Notice refers to some charge having been filed, albeit an untimely one.

[5] The EEOC's charge-filing requirements for Title VII and ADA claims include that a charge: a) must be "in writing, signed, and verified"; and b) "contain either (1) '[t]he full name, address, and telephone number of the person making the charge ... ; [t]he full name and address of the person against whom the charge is made ... ; [a] clear and concise statement of facts, including pertinent dates, constituting the alleged unlawful employment practices ... ; [i]f known, the approximate number of employees of the respondent employer ... ; and [a] statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws,' or (2) 'a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *See Equal Employment Opportunity Comm'n v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753 n. 5 (5th Cir. 2020), cert. denied sub nom.

and ii) be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute. *Vantage Energy*, 954 F.3d at 753-54.

9. Regarding the EEOC's charge-filing requirements, the Inquiry Information Submission is neither signed nor verified as required by 29 C.F.R. § 1601.09, and Plaintiff has not identified a later-signed or verified submission that might relate back to the Inquiry Information Submission's filing date. *See* Inquiry Information Submission; *see also* Second Amended Complaint (attaching no supporting documentation). Regarding the request-to-act requirement, the Inquiry Information Submission cannot be reasonably construed as a request for the EEOC to proceed as though a charge had been filed. *Compare Vantage Energy*, 954 F.3d at 755 (finding that an intake questionnaire satisfied the request-to-act requirement where complainant indicated "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above" by checking a box within their questionnaire) *with* the Inquiry Information Submission (containing no comparable indication). In fact, the document itself reminds Plaintiff of her approximate deadline to file a charge. Furthermore, the EEOC maintains that it expressly informed Plaintiff as early as March 13, 2019 that she was required to file a charge if she wanted the agency to proceed, and she declined to do so. *See* EEOC Letter. As a result, it is clear from the pleadings that Plaintiff failed to file a timely charge with the EEOC, and the Complaint may be dismissed in its entirety.

10. Even if the Inquiry Information Submission had met the requirements of an administrative charge with respect to Plaintiff's Title VII claim, Plaintiff's claim under the Americans with Disabilities Act should still be dismissed because disability discrimination or retaliation was not included in that Inquiry Information Submission. The pleadings do not refer to

---

*Vantage Energy Servs. v. EEOC*, 2021 WL 78080 (U.S. Jan. 11, 2021) (citing and quoting 29 C.F.R. §§ 1601.09, 1601.12) (identifying charge-filing requirements in the context of claims brought pursuant to the ADA).

4

any other submissions by Plaintiff to the EEOC alleging disability discrimination or retaliation. In fact, and contrary to the allegations in Plaintiff's Second Amended Complaint, Plaintiff expressly states in the Inquiry Information Submission, "I do not have a disability."

11. In light of the foregoing, Plaintiff's claims against all Defendants should be dismissed.

Respectfully submitted,

*/s/ Christopher V. Bacon*
CHRISTOPHER V. BACON (attorney-in-charge)
State Bar No. 01493980
Federal ID No. 12670
PETER J. GOETSCHEL
State Bar No. 24116432
Federal ID No. 3485730
**VINSON & ELKINS L.L.P.**
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: 713.758.1148
Facsimile: 713.615.5014
E-Mail: cbacon@velaw.com
E-Mail: pgoetschel@velaw.com

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2021, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF System. Because the Plaintiff is appearing *pro se*, a copy of the Motion was also mailed to the Plaintiff at 6935 Hockley Garden Ln, Houston Texas 77049 and e-mailed to her at ChloeMBaker2014@gmail.com.

*/s/ Peter J. Goetschel*
Attorney for Defendant