UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHLOE BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-3870 |
| | § | |
| LONE STAR LEGAL AID, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court[1] is Defendant's Motion to Dismiss under Rule 12(b)(6) for failure to exhaust administrative remedies. (Dkt. No. 24.) However, Defendant's argument turns on an EEOC document that the Court is reluctant to consider as currently submitted. The Court thus **RECOMMENDS** the Motion to Dismiss be **DENIED WITHOUT PREJUDICE** and Defendant be given the opportunity to reassert its argument on summary judgment.

**I.   BACKGROUND**

Plaintiff Chloe Baker ("Plaintiff") filed this action *pro se* on November 13, 2020 against Defendant Lone Star Legal Aid ("Defendant") alleging employment discrimination under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act. (Dkt. No. 1.)[2] Particularly, Plaintiff alleged that her co-workers harassed her beginning in October 2018—which exacerbated her PTSD and required her to take sick leave—and that Defendant fired her on January 31, 2019 after she filed a complaint with human resources. (*Id.* at 9–10.) Plaintiff indicated she

---

[1] On December 9, 2020, the case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 3.)

[2] Plaintiff originally named other employees of Lone Star Legal Aid as defendants but has since dropped her claims against them. (*See* Dkt. Nos. 1, 17.)

filed two charges with the EEOC before filing suit, one on February 20, 2019 and one on May 21, 2020. (*Id.* at 5.) She also attached various relevant documents to her original complaint: (1) an EEOC Inquiry form dated February 21, 2019 describing the alleged discrimination; (2) an EEOC Notice dated August 19, 2020 stating that Plaintiff's claims were barred because she had not filed a timely EEOC charge; and (3) an EEOC Letter dated September 23, 2020 explaining that Plaintiff had been advised of her right to file a timely EEOC charge but had not done so. (Dkt. No. 1 at 13–14; Dkt. No. 1-1 at 18–21.) Plaintiff then filed a first amended complaint that contained these documents—but with a shorter version of the EEOC Inquiry—and a second amended complaint that did not contain these documents at all. (*See* Dkt. No. 2-1 at 30–34; Dkt. No. 17.)

On March 8, 2021, Defendant filed a motion to dismiss under Rule 12(b)(6) arguing Plaintiff failed to exhaust her administrative remedies before filing this lawsuit. (Dkt. No. 24.) Defendant recognizes that EEOC intake forms can sometimes qualify as formal charges that satisfy the exhaustion requirement, but argues the EEOC Inquiry here does not suffice because it is unverified and cannot be reasonably construed as a request for remedial action. (*Id.* at 3–4.) Defendant attached the documents from Plaintiff's first amended complaint—including the shorter version of the EEOC Inquiry—and asserts that the Court can consider them because they are referred to in the second amended complaint and are central to Plaintiff's claims. (*Id.* at 2.)

The parties have engaged in discovery, taken Plaintiff's deposition, and scheduled more depositions for the coming month. (*See* Dkt. No. 45.) The current deadline to complete discovery is January 19, 2022 and the deadline to file dispositive motions is February 18, 2022. (Dkt. No. 14.) Plaintiff has proceeded *pro se* during most of this lawsuit, but an attorney made an appearance on her behalf on December 29, 2021. (Dkt. No. 48.)

Defendant's motion to dismiss turns on whether the EEOC Inquiry constitutes a charge for the purposes of Title VII and the ADA's exhaustion requirements. Given that there are multiple versions of the EEOC Inquiry before the Court, that Plaintiff refers to other documents in her complaint that neither party has submitted, and that discovery is almost complete in the case, the Court finds it appropriate to delay the exhaustion issue until summary judgment.

## II.     LEGAL STANDARDS UNDER RULE 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Hous. Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted).

In reviewing a 12(b)(6) motion, a court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers but are nonetheless insufficient if they contain only labels and conclusions, or a formulaic recitation of the elements

of a cause of action." *Ganheart v. Brown*, 740 F. App'x 386, 389 (5th Cir. 2018) (quotations and alterations omitted). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quotations omitted). Courts frequently consider various EEOC documents at the motion to dismiss stage, either because they are central to the plaintiff's claims or are subject to judicial notice. *See Thomas v. Esper*, No. 18-CV-110, 2019 WL 3026951, at *3–4 (E.D. Tex. May 22, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3017418 (July 10, 2019).

### III.    ISSUES REGARDING THE EEOC INQUIRY FORM

The ADA prohibits employment discrimination based on disability, 42 U.S.C. § 12112, while Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2. Both statutes contain similar language, structures, and purposes and both require a plaintiff to exhaust administrative remedies before filing suit. *See Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021); *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 234 (5th Cir. 2001). The exhaustion requirement is generally met when a plaintiff has filed a timely charge of discrimination with the EEOC—which, in Texas, must be within 300 days of the alleged discriminatory action—and received a notice of the right to sue letter. *Owens v. Dall. Cty. Cmty. Coll. Dist.*, 793 F. App'x 298, 300–01 (5th Cir. 2019); *Reed v. Brady Trucking, Inc.*, No. 18-CV-4437, 2019 WL 1244100, at *4 (S.D. Tex. Mar. 18, 2019).

In some cases, however, other documents besides the formal charge can satisfy the exhaustion requirement. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citing *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 405–07 (2008)); *EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753–54 (5th Cir. 2020). An intake form can qualify as a charge if it satisfies

the EEOC's charge-filing requirements and can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Vantage*, 954 F.3d at 753–54 (quotations omitted). To satisfy the EEOC's requirements, the document must be verified and include substance such as factual allegations and certain information on the parties. *Ernst*, 1 F.4th at 337–38; *McLeod v. Floor & Decor Outlets of Am., Inc.*, No. 20-CV-3134, 2021 WL 2515750, at *2 (N.D. Tex. June 18, 2021). "Ultimately, the EEOC's characterization of the questionnaire is not dispositive. What constitutes a charge is determined by objective criteria." *Vantage*, 954 F.3d at 755.

Here, whether the EEOC Inquiry dated February 21, 2019 qualifies as a charge is central to resolution of the motion to dismiss. If so, Plaintiff exhausted her administrative remedies within 300 days of the alleged unlawful conduct occurring from October 2018 to January 2019,[3] and any claims that could reasonably be expected to grow out of the EEOC Inquiry should not be dismissed. *See Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018). However, there are several problems with the EEOC Inquiry as filed on the docket.

First, the parties have presented two different versions: (1) a three-page version, filed with Plaintiff's original complaint, that contains an EEOC Inquiry Number and the required information on Defendant (Dkt. No. 1-1 at 18–20); and (2) a two-page version, filed with Plaintiff's first amended complaint and Defendant's motion to dismiss, that does not contain an EEOC inquiry number or the required information on Defendant (Dkt. No. 2-1 at 33–34; Dkt. No. 24-1). It is not clear why this occurred or whether the complete document was ever filed with the Court.

---

[3] Plaintiff asserts that Defendant discriminated against her in January 2020—a year after she was terminated—when she was conducting other business in its office. (Dkt. No. 17 at 3, 8.) Defendant argues that discrimination occurring after termination is irrelevant to the charge-filing deadline. (Dkt. No. 27 at 1–2.) The Court does not determine the merits of Defendant's argument at this time, however, given it recommends denying the motion to dismiss without prejudice.

Second, it is not clear whether there are additional documents the Court should consider in its exhaustion analysis. For example, Plaintiff asserts that she filed multiple complaints with the EEOC in February 2019, including one on February 20, 2019. (Dkt. No. 17 at 5; Dkt. No. 26 at 3.) Defendant assumes the February 20 and February 21 documents are one in the same, but that is not clearly the case. There thus could be other documents that either inform the Court's interpretation of the EEOC Inquiry dated February 21, 2019 or separately meet the requirements of a timely-filed charge, even if the EEOC did not view them as such. Similarly, Plaintiff asserts that she filed an EEOC charge on May 21, 2020. (Dkt. No. 17 at 5.) Defendant "assumes that such a charge was filed," arguing only that it was untimely, but does not address whether it could have cured potential deficiencies in the earlier-filed documents. (Dkt. No. 24 at 3 n.4.)[4] The Court is reluctant to make substantive determinations under these circumstances.

Out of an abundance of caution, and given that discovery is almost complete in this case, the Court finds it appropriate to delay the exhaustion issue until summary judgment. *See Thompson v. Veolia Water N. Am. Operating Servs., LLC*, No. 21-CV-436, 2021 WL 3891083, at *3 (S.D. Miss. Aug. 31, 2021) (delaying decision on administrative exhaustion until summary judgment because the court could not determine the relevance or adequacy of the EEOC inquiry form without other record evidence).

### IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Defendant's Motion to Dismiss (Dkt. No. 24) be **DENIED WITHOUT PREJUDICE** and Defendant be given the opportunity to reassert its argument on summary judgment.

---

[4] *See Vantage*, 954 F.3d at 757 (finding EEOC intake form constituted a timely charge, even though it was verified outside of the filing period, by virtue of the relation-back regulation).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on January 4, 2022.

Sam S. Sheldon
United States Magistrate Judge