UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHLOE BAKER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-03870 |
| | § | |
| LONE STAR LEGAL AID | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S OBJECTIONS
TO MEMORANDUM AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 72(b)(2), 28 U.S.C. § 636(b)(1)(C) and General Order 2002-13, Lone Star Legal Aid ("Defendant") files the following objections to the Memorandum and Recommendation (Dkt. No. 50) (the "Recommendation") recommending that Defendant's Second Amended Motion to Dismiss (Dkt. No. 24) (the "Motion") Plaintiff Chloe Baker's ("Plaintiff") Second Amended Complaint for Employment Discrimination (Dkt. No. 17) (the "Complaint") be denied.

**I. AT A MINIMUM, PLAINTIFF'S DISABILITY CLAIM SHOULD BE DISMISSED BECAUSE SHE DID NOT COMPLAIN ABOUT HAVING A DISABILITY WHEN MAKING HER INITIAL INQUIRY WITH THE EEOC.**

In her Amended Complaint, Plaintiff claims that she filed charges of discrimination with the EEOC on February 20, 2019 (20 days after she was terminated) and on May 21, 2020 (475 days after she was terminated). She also attached a copy of the Initial Inquiry

that she filed with the EEOC on February 21, 2021 (the "Inquiry").[1] In that Inquiry, when asked for the reasons of her complaint, Plaintiff responded, "Race, National origin, and/or ethnicity, Color, Retaliation." *See* Complaint for Employment Discrimination (Dkt. No. 1-1 at 18-20); Amended Complaint for Employment Discrimination (Dkt. No. 2-1 at 33-34); the Motion, Exhibit A (Dkt. No. 24-1). Not only did Plaintiff not mention disability discrimination in her Inquiry, but when asked in the same form whether she was disabled, Plaintiff answered, "I do not have a disability." *Id.* As a result, the Inquiry does not, and cannot, exhaust the administrative remedies that Plaintiff had available to her under the ADA because it does not include disability discrimination within its scope.

Plaintiff also claims in her Complaint that she filed an EEOC charge on May 21, 2021, although that was not attached to her pleadings. *See* Complaint, at 4. However, even if Plaintiff had complained of disability discrimination in a verified charge on May 21, 2021, it would have been untimely, since an EEOC charge must be filed within 300 days of Plaintiff's termination, and 475 days had passed since her termination. *See* 42 U.S.C. § 12117(a) (incorporating the 300-day period from 42 U.S.C. § 2000e-5(e)(1), during which a complainant may file a charge of discrimination for purposes of exhausting administrative remedies under the ADA). Nor could Plaintiff argue that any such disability claim grew out of the Inquiry because there was no mention of such a claim in that inquiry. *See* Complaint for Employment Discrimination (Dkt. No. 1-1 at 18-20) (excluding claims

---

[1] Plaintiff attached three pages of the Inquiry to her Complaint for Employment Discrimination (Dkt. No. 1-1, at 18-21), but only the first two pages of her Inquiry to her Amended Complaint for Employment Discrimination (Dkt. No. 2-1, at 33-34),

of disability discrimination); Amended Complaint for Employment Discrimination (Dkt. No. 2-1 at 33-34) (same); the Motion, Exhibit A (Dkt. No. 24-1) (same).

For the foregoing reasons, this Court should dismiss Plaintiff's claims under the ADA.

## II. THE RACE DISCRIMINATION AND RETALIATION CLAIMS SHOULD ALSO BE DISMISSED BECAUSE PLAINTIFF HAS OFFERED NO EVIDENCE THAT SHE MET THE OBJECTIVE REQUIREMENTS ASSOCIATED WITH FILING A CHARGE.

The Recommendation appears to recognize that neither version of the Inquiry meets the objective requirements of an administrative charge for a race discrimination or retaliation claim. Neither version of the Inquiry is verified, and neither may be reasonably construed as a request for the EEOC to act. *See* Complaint for Employment Discrimination (Dkt. No. 1-1 at 18-20); Amended Complaint for Employment Discrimination (Dkt. No. 2-1 at 33-34); the Motion, Exhibit A (Dkt. No. 24-1).

The Recommendation, however, misapplies the 12(b)(6) standard by recommending a deferral of the Court's ruling until summary judgment in order to provide the Court an opportunity to review other documents referenced, but not produced, in the Complaint for potential relevance. *See* Recommendation, at 3, 6. Plaintiff's failure to provide documents that could potentially address the above shortcomings means that her claimed right to relief, even taking all allegations in the Complaint as true, remains at a wholly speculative level. Without those documents, the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

For the foregoing reasons, the Complaint should be dismissed in its entirety.

Respectfully submitted,

*/s/ Christopher V. Bacon*
CHRISTOPHER V. BACON (attorney-in-charge)
State Bar No. 01493980
Federal ID No. 12670
PETER J. GOETSCHEL
State Bar No. 24116432
Federal ID No. 3485730
**VINSON & ELKINS L.L.P.**
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: 713.758.1148
Facsimile: 713.615.5014
E-Mail: cbacon@velaw.com
E-Mail: pgoetschel@velaw.com

**ATTORNEYS FOR DEFENDANT**

**Certificate of Word Count: 712 Words**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of January, 2022, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF System and was automatically copied to all counsel of record through the Court's electronic filing system.

*/s/ Peter J. Goetschel*
Attorney for Defendant