UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHLOE BAKER** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-03870 |
| | § | |
| **LONE STAR LEGAL AID** | § | |
| | § | |
| *Defendant.* | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   Defendant Lone Star Legal et al, by and through their attorney of record, Peter J. Goetschel and Christopher V. Bacon, Vinson & Elkins, LLP, 1001 Fannin, Suite 2500, Houston, Texas 77002

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Chloe Baker hereby submits her responses to the Defendant's request to answer the following interrogatories.

### INSTRUCTIONS

1.   Please note that all answers are to be made separately and fully and that an incomplete or evasive answer is a failure to answer. When an interrogatory calls for an answer in more than one part, please separate the parts in your answer accordingly so that each part is clearly set out and understandable.

2.   When knowledge or information in your possession is requested, such request includes knowledge or information in possession of your representatives, agents, insurers, and unless privileged, attorneys.

3.   If you have only incomplete knowledge of the answer to an interrogatory, please answer to the extent of your knowledge and state specifically the portion or area of the interrogatory of which you have only incomplete knowledge, identify the person or persons who do(es) have or might have additional knowledge of information to complete the answer.

4.   If you answer any interrogatory in whole or in part by attaching a document containing information sufficient to do so, the relevant portions of such document must be marked or indexed.

5.   For each interrogatory, please identify the persons from whom the information contained in the answer is obtained and the persons who swear to the truth of that information.

6.   Please note that, pursuant to the Federal Rules of Civil Procedure, you are under a continuing duty to supplement your responses.

## DEFINITIONS

1.   "You" or "Plaintiff" means Chloe Baker and all her representatives, acting or purporting to act on her behalf with respect to any matter inquired about herein, including, but not limited to, all attorneys, consultants, agents, or any other representative.

2.   "And" and "or" shall be construed either disjunctively or conjunctively to bring within the scope of the Interrogatory all information and responses within the general scope of the Interrogatory.

## First Set of Interrogatories

**INTERROGATORY NO. 1:** Identify the basis of Your computation of each category and sub-category of damages claimed in Your initial disclosures to this lawsuit (Doc. 25). For each such computation, provide the following information:

   a) The method by which you calculated each category or sub-category of damages in order to determine the total damage amounts claimed.

**ANSWER:**
**1. Backpay ($122,058.95)**
In determining damages, you may award Plaintiff back pay. Back pay equals the earnings and fringe benefits that she would have received from the Defendant had the retaliatory action not taken place, minus the amount of earnings and benefits received by her after she was terminated.
Plaintiff's back pay is computed based on Plaintiff's annual salary as of the last date of employment through February 2022, which is provided in the Lone Star Legal Aid Personnel Action Memo. *See* LON0050. Plaintiff's Salary - $31,000.00 at termination in January 2019.
a. Year 1(2019) - $28,416.67 (11Months)
b. Year 2(2020) - $32,550.00
c. Year 3(2021) - $34,177.50
d. Year 4(2022) - $20,933.72 (7 Months prorated of Plaintiff's $35,886.38 annual salary) estimated based on trial docket call: 07/18/2022.

**2. Front Pay ($86,217.01)**

Plaintiff's front pay is computed based on the ending salary of the Plaintiff, $31,000 per year, multiplied by the annual Cost of Living percentage rate, according to the U.S. Bureau of Labor Statistics. The computation accounts for the Plaintiff maintaining employment with Lone Star until her anticipated graduation of December 2024. *See* BAK0013.
e. Year 1(2022) - $14,952.66 (5 Months prorated of Plaintiff's $35,886.38 annual salary)
f. Year 2(2023) - $37,680.69
g. Year 3(2024) - $39,564.72

**3. Loss of Benefits ($60,000.00)**

Plaintiff's loss of benefits is computed based on Plaintiff's annual cost of medical and life insurance benefits contribution from Lone Star Legal multiplied by the (6) years. The Plaintiff anticipated being employed by Lone Star Legal Aid through the completion of her undergraduate degree. *See* LON0001 for Lone Star Contribution in 2018-2019 ($10,000.00 is average annual based on inflation over six years).

4 **Compensatory & Punitive [Discrimination based on Institutional Conduct before Termination] ($200,000.00)** For employers with 201-500 employees, the limit is $200,000:
a. Mental Anguish
b. Inconvenience
c. Loss of Employment of Life
d. Diagnosed Psychiatric Conditions (PTSD)
e. 3 Years of therapy (and counting)
f. Reputational Harm

5 **Compensatory & Punitive [Unequal Terms and Conditions of Plaintiff's Employment] ($200,000.00)** For employers with 201-500 employees, the limit is $200,000:
a. Mental Anguish
b. Inconvenience
c. Loss of Employment of Life
d. Diagnosed Psychiatric Conditions (PTSD)
e. 3 Years of therapy (and counting)
f. Reputational Harm

6 **Compensatory & Punitive [Retaliation against Plaintiff for filing Complaint] ($200,000.00)** For employers with 201-500 employees, the limit is $200,000:
a. Mental Anguish
b. Inconvenience
c. Loss of Employment of Life
d. Diagnosed Psychiatric Conditions (PTSD)
e. 3 Years of therapy (and counting)
f. Reputational Harm

7 **Compensatory & Punitive [Discrimination based on Disability / Failure to Accommodate] ($200,000.00)** For employers with 201-500 employees, the limit is $200,000:
a. Mental Anguish
b. Inconvenience
c. Loss of Employment of Life
d. Diagnosed Psychiatric Conditions (PTSD)
e. 3 Years of therapy (and counting)
f. Reputational Harm

8 **Attorney Fees and Court Costs ($-TBD based on Attorney's Fees of $350.00/hour)**

> b) The rate at which damages for the applicable category or sub-category accrue (for example, for damages related to back pay, the rate of accrual may be $2,000 in damages per month, subject to withholdings required by law, or for damages related to ongoing therapy, the rate may be out-of-pocket costs of $100 per one-hour therapy session); and

**ANSWER:**
1.**Backpay ($122,058.95) Monthly Accrual**
    a. Year 1(2019) - $2,583.33
    b. Year 2(2020 - $2,712.50
    c. Year 3(2021) - $2,848.13
    d. Year 4(2022)   $ 2,990.53

**2. Front Pay ($86,217.01) Monthly Accrual**
    e. Year 1(2022) - $ 2,990.53
    f. Year 2(2023) - $3,140.06
    g. Year 3(2024) - $3,297.06

**3.Loss of Benefits ($60,000.00)**
    Average Monthly Accrual over six (6) $833.33

Will supplement VA Hospital Billing for all treatment associated with this case (Government Reimbursement)

Will Supplement Medical Invoices and Expenses from all other provider for treatment associated with this case

    c) The period of time for which you are claiming damages (including beginning and end dates), as applicable.

**ANSWER:**
Beginning dates November 2018
Ending December 2024

    Respectfully submitted by,

    */s/ Kendrick E. Bradley*
    Kendrick E. Bradley, Esq.
    State Bar No. 2410152
    **K.E. Bradley & Associates**
    7070 Knights Court, Suite 601
    Missouri City, Texas 77459
    Telephone: 832.440.0585
    Facsimile: 832.201.8998
    E-Mail: kendrick@kebradleylaw.com

    **ATTORNEY FOR PLAINTIFF**

- 5 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of February, 2022, a true and correct copy of the foregoing was mailed to the Defendant at 1001 Fannin, Suite 2500, Houston, Texas 77002 and e-mailed to cbacon@velaw.com and pgoetschel@velaw.com.

                                        */s/ Kendrick E. Bradley*
                                        Attorney for Plaintiff