UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHLOE BAKER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-03870 |
| | § | |
| **LONE STAR LEGAL AID** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S ORIGINAL ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Lone Star Legal Aid ("Lone Star"), hereby files an Original Answer to Plaintiff Chloe Baker's ("Plaintiff") Second Amended Complaint for Employment Discrimination (Dkt. 17) (the "Complaint").

**ANSWER**

Lone Star answers the allegations of the Complaint as follows:

1. Lone Star admits the allegations of Paragraph I.A of the Complaint.

2. Lone Star admits the allegations of Paragraph I.B of the Complaint.

3. Lone Star denies that Lone Star subjected Plaintiff to the discriminatory and retaliatory acts identified in Paragraph III.A of the Complaint.

4. Lone Star denies the allegations of Paragraph III.B of the Complaint.

5. Lone Star denies the allegations of Paragraph III.C of the Complaint.

6. Lone Star denies the allegations of Paragraph III.D of the Complaint.

7. Lone Star admits Paragraph III.E of the Complaint to the extent that Plaintiff is African American. Lone Star lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff is a "60% disabled military veteran with diagnosed PTSD" or that Plaintiff was on a "psychiatrically ordered bed rest" on her last day of employment. Lone Star denies all other allegations in Paragraph III.E of the Complaint.

8. Lone Star denies the allegations of Paragraph IV.A of the Complaint.

9. Lone Star admits that the Equal Employment Opportunity Commission has issued Plaintiff a Notice of Right to Sue letter, which states that she failed to file a timely charge of discrimination, but lacks knowledge and information sufficient to admit or deny whether Plaintiff received that notice on August 21, 2020.

10. Lone Star denies that Plaintiff is entitled to receive any of the relief requested in Paragraph V of the Complaint.

11. Lone Star admits that Plaintiff is alleging she was harassed by co-workers, but denies all other allegations of the first unmarked Paragraph of section III(2)[1] of the Complaint.

12. Lone Star admits that Betty Dannhei, a Lone Star temporary employee and paralegal, quoted an applicant in a practice note dated October 15, 2018 as stating that a "girl" had told him that Lone Star would complete an "inability to pay" for him, but denies that Ms. Dannhei either accused Plaintiff of violating any Lone Star policy or herself

---

[1] The Complaint contains two sections marked as III. For purposes of this Answer, Lone Star shall identify paragraphs within the latter section III as "III(2)."

referred to Plaintiff as "girl" on October 15, 2018. Lone Star denies the remaining allegations of Paragraph III(2).1 of the Complaint.

13. Lone Star denies the allegations of Paragraph III(2).2 of the Complaint.

14. Lone Star denies the allegations of Paragraph III(2).3 of the Complaint.

15. Lone Star admits that Anna Martinez, a Lone Star secretarial employee, summarized statements made by Nicola Oslund, a Lone Star staff attorney, to an applicant in a practice note dated January 3, 2019, in which Ms. Oslund informed the applicant of the channels that he could use to submit a complaint against Lone Star, as an organization, with Veterans Affairs. Lone Star denies the remaining allegations of Paragraph III(2).4 of the Complaint, including that Plaintiff filed a formal complaint with Lone Star on December 27, 2018 with Sonia Lopez, a Lone Star directing attorney, or that any such complaint was immediately raised to Ernest Brown, the Lone Star Deputy Director, or Pamela Sotoodeh, the Lone Star Director of Administration.

16. With respect to the second unmarked Paragraph of section III(2) of the Complaint, Lone Star admits that Ernest Brown scheduled a meeting for January 17, 2019 to discuss Plaintiff's complaint and denies the remaining allegations.

17. Lone Star denies the allegations of Paragraph III(2).5 of the Complaint.

18. Regarding Paragraph III(2).6 of the Complaint, Lone Star admits that Courtney Paulding, a Lone Star temporary employee and paralegal, quoted a client in a practice note dated January 3, 2019 as stating that he would return to Veterans Affairs to speak with "that attorney and her helper." Lone Star further admits that Plaintiff raised a complaint to Ms. Lopez on that date in which Plaintiff referenced that same practice note,

and the racial connotations of the phrase "the help." Lone Star denies the remaining allegations of Paragraph III(2).6 of the Complaint, including that Ms. Paulding herself referred to Plaintiff as "the little helper," "the help," or "the helper" on January 3, 2019.

19. Regarding Paragraph III(2).7 of the Complaint, Lone Star admits that Ms. Martinez, in the same January 3, 2019 practice note described in paragraph 15 above, also quoted the applicant as stating that he had completed an application with "a young black girl at [Veterans Affairs]." Lone Star further admits that Plaintiff raised both race- and age-based concerns in a practice note response regarding the use of the foregoing language, and that she asked Ms. Lopez to confirm receipt. Lone Star denies the remaining allegations of Paragraph III(2).7 of the Complaint, including that Ms. Martinez herself referred to Plaintiff as "young black girl" on January 3, 2019.

20. Lone Star denies the allegations of Paragraph III(2).8 of the Complaint.

21. Lone Star admits that Ernest Brown scheduled a meeting for January 17, 2019 to discuss Plaintiff's complaint, and that Plaintiff separately raised concerns about having access to a printer at a remote location during that meeting, and denies the remaining allegations of Paragraph III(2).9 of the Complaint.

22. Lone Star denies the allegations of Paragraph III(2).10 of the Complaint.

23. Lone Star denies that Plaintiff was ever subjected to a hostile work environment during her employment with Lone Star Legal Aid of Paragraph III(2).11 of the Complaint. Lone Star lacks the knowledge or information sufficient to admit or deny the remaining allegations.

24. Lone Star admits that Lone Star provided Plaintiff a notice on January 31, 2019 from Mr. Brown, who had investigated Plaintiff's internal complaints, in which he notified her of his conclusion that her allegations did not rise to the level of unlawful harassment. Lone Star denies the remaining allegations of Paragraph III(2).12 of the Complaint.

25. With respect to Paragraph III(2).13 of the Complaint, Lone Star admits that it provided Plaintiff with notice on January 31, 2019 that her temporary worker agreement was terminating that day, but denies that Plaintiff received that notice one day before she was scheduled to return to work. Plaintiff was not scheduled to return to work because she had requested, and Lone Star had approved, paid sick leave through her scheduled end date of employment.

26. Lone Star lacks information or knowledge sufficient to admit or deny the allegations of Paragraph III(2).14 of the Complaint.

27. Lone Star denies the allegations of the third unmarked Paragraph of section III(2) of the Complaint.

## *AFFIRMATIVE DEFENSES*

Without assuming any burden of proof other than what is required by law, Lone Star states the following affirmative defenses:

1. Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies due to a failure to file a timely administrative charge of discrimination following the discriminatory acts alleged in the Complaint.

3. Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies due to a failure to include allegations or theories of recovery now contained in the Complaint, including those based on race discrimination (excluding unlawful workplace harassment), disability discrimination, and failure to accommodate, in any administrative charge of discrimination.

4. Plaintiff's claims are barred, in whole or in part, because all actions taken by Lone Star were taken for legitimate, non-discriminatory and non-retaliatory reasons.

5. Plaintiff's hostile work environment claims are barred, in whole or in part, because no tangible employment action was taken against Plaintiff before her termination, because Lone Star exercised reasonable care to prevent and correct any harassing behavior, and because Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Lone Star.

6. Plaintiff's discrimination claims are barred because the individual who made the decision to hire her is the same actor who decided to terminate her employment.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

10. Plaintiff's claims are barred, in whole or in part, due to her failure to comply with the applicable statute of limitations.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff's position was eliminated due to lack of funding, and while Lone Star denies acting with any impermissible motives, Plaintiff would have been terminated regardless of any impermissible motive.

12. Plaintiff's claims are barred, in whole or in part, because Plaintiff held a position during her employment with Lone Star containing a definite end date, and while Lone Star denies acting with any impermissible motives, Plaintiff would have been terminated regardless of any impermissible motive.

13. Plaintiff's claims for damages are barred, in whole or in part, because her medical records demonstrate that her alleged injuries arise from causes other than the acts complained of in the Complaint.

14. Plaintiff's claims are barred, in whole or in part, because she failed to make reasonable efforts to mitigate her damages by seeking other employment or sources of income following the termination of her from employment with Lone Star.

15. Plaintiff's claims are barred, in whole or in part, because she resumed pursuit of an undergraduate degree as a full- or part-time student following the termination of her employment with Lone Star.

16. Plaintiff's claims are barred, in whole or in part, because her claims for damages are speculative.

## PRAYER FOR RELIEF

Subject thereto, Lone Star prays that Plaintiff take nothing by her suit, that her action be dismissed and judgment entered in Lone Star's favor, and that Lone Star be awarded costs and any and all such relief, general or special, at law or in equity, to which Lone Star may show itself justly entitled.

        Respectfully submitted,

        *s/ Peter J. Goetschel*
        CHRISTOPHER V. BACON (attorney-in-charge)
        State Bar No. 01493980
        Federal ID No. 12670
        PETER J. GOETSCHEL
        State Bar No. 24116432
        Federal ID No. 3485730
        **VINSON & ELKINS L.L.P.**
        845 Texas Avenue, Suite 4700
        Houston, Texas 77002
        Telephone: 713.758.1148
        Facsimile: 713.615.5014
        E-Mail: cbacon@velaw.com
        E-Mail: pgoetschel@velaw.com

        **ATTORNEYS FOR DEFENDANT**
        **LONE STAR LEGAL AID**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2022, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF System and was automatically copied to all counsel of record through the Court's electronic filing system, including counsel for Plaintiff.

        */s/ Peter J. Goetschel*
        Attorney for Defendants