UNITED STATES DITRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHLOE BAKER**<br>*Plaintiff*<br>v.<br><br>**LONE STAR LEGAL AID**<br>*Defendant* | § § § § § § § § § § | **CIVIL ACTION NO. 4:20-CV-03870** |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO OPPOSITION OF SUMMARY JUDGEMENT

Plaintiff, Chloe Baker, responds to Defendant's, "Reply" (Dkt 90) which replies to Plaintiff's Opposition of Summary Judgement. (Dkt. 88.)

### ARGUMENT

1. **Defendant claims Plaintiff did not participate in any protected activities as a permanent employee until January 3, despite there being no difference in the avenue Plaintiff used to convey the adverse and malicious acts against her.**

Plaintiff was hired as a permanent employee. (Exhibit A) Plaintiff was assigned many grants while working for Defendant including VOCA grant, Texas OOG, and Texas Veteran Commission (Exhibit B).

Pamela Sotoodeh testifies that each job posting is attached to a grant and after each end date there is no longer employment, (Exhibit C), but Plaintiff did not apply to be on three different grants. This is contradictory to the testimony of Defendant and supports Plaintiff's claims of being promised job security as a permanent hire who would be paid through multiple grant

sources. (Exhibit P). This is proven with Pamela Sootodeh's testimony of work scale that full time employees have (Exhibit D).

Plaintiff began to let supervisors know as early as October of 2018 that the work environment was turning hostile and stifling the work of the organization. Sonia Lopez was also notified via email and conversation of adverse treatment as well as the CBA not being upheld at the remote location Plaintiff was assigned to go to on a daily basis.

January 3, Plaintiff sent a compliant in the same manner that she did on other incidents. The same direct supervisor, Sonia Lopez, was alerted by Plaintiff via email, phone call, and when Plaintiff was allowed into the staff meetings. (Exhibit E) Defendant decided when to take it as a compliant (Exhibits F). The environment became even more hostile and in retaliation, those named in the compliant began to engage in increasing malice and harmful activity that affected not only the Plaintiff, but the cliental of Defendants which goes against the Personal Manual. (Exhibit G)

2. **Defendant failed to intervene and handled the investigation against protocol which promoted an environment of hostility towards Plaintiff.**

Despite Directing Attorney, Sonia Lopez, Under Oath saying that she had no knowledge of the environment, multiple email threads in discovery shows that she was well aware and in her own words, "not at all," concerned. (Exhibits H) She also states that she did not check in with me because she knew I would be retailed against and fired. (Exhibit I)

Anna Martinez who is named in the compliant is stating in the communication software utilized by staff to aid clients that she clearly, "offended," Plaintiff on November 21, 2018. This was sent

to Sonia Lopez directly and was even reviewed by another person who is involved in treating Plaintiff with malice, Courtney Paulding, on the direction of Sonia Lopez (Exhibit E)

Sonia Lopez claims she was unaware of Plaintiff's disabilities or that she had been away on sick leave. However, it is shown here she was in correspondence with Plaintiff regarding how sick leave should be documented. (Exhibit O) Plaintiff also testifies who the disability was described to. (Exhibit Q).

Furthermore, Plaintiff's daily assignment at the remote location of Michael E. Debakey lacked basic accommodations according to the Collective Bargaining Agreement between Plaintiff and Defendant. (Exhibit J) This prevented Plaintiff from doing tasks such as printing, sending mail, making phone calls, or eating lunch.

3. **Defendant's claim to have investigated and remedied the work environment, but cannot show material dispute of such happening or concern to have begun that process.**

Although Pamela Sotoodeh testifies that investigations begin in one week (Exhibit K) Plaintiff reached out to her due to inactivity. (Exhibit L)

Earnest Brown declares there was immediate training. However, Sonia Lopez testifies that they do not recall anything being done. (Exhibit M)

Sonia Lopez admits that things changed in the office after Plaintiff met with Deputy Director, Earnest Brown about not having a telephone, printer, ability to stamp and send mail in her remote office and other adverse treatment such as not being allotted weekly meetings unless she was at her actual station of Combined Arms. The solution was to give Plaintiff 40 new tasks including printing and sending mail and other things that could not be done due to the nature of

assignment at the remote location. This would require more of the things that Sonia Lopez states were, "problematic," (Exhibit N)

On January 31, 2019, Earnest Brown sent a memo letting Plaintiff know of completion of investigation and following up with a retaliated termination.

When sent an interrogatory to produce the log of investigation and actions that followed, Defendants were not able to produce materials.

HR was not involved and Pamela Sotoodeh as well as Sonia Lopez testify that they are not HR nor qualified to be. No proper protocol was followed.

4. **Plaintiff cited record 25 times in Dkt 88. and also presented evidentiary exhibits.**

Defendant claims that evidence submitted along with Plaintiff's Opposition of Summary Judgement does not suffice in genuine disputes is contrary to the fact of that a 72-page document containing exhibits was filed along with Dkt. 88. This included emails, doctor notes, and other evidence submitted during the discovery stage of this civil suit

5. **Defendant does not dispute validity of right to sue Plaintiff obtained from the Equal Employment Opportunity Center.**

After contacting the EEOC with explanations and evidence, Plaintiff, Chloe Baker, was issued a right to sue letter against former employer and Defendant, Lone Star Legal Aid. Plaintiff decided to file suit.

Respectfully submitted,

/s/ Chloe Baker

Chloe Baker

Pro Se

6935 Hockley Garden Ln

Houston, Tx 77049

713-775-3077

ChloeMBaker2014@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON 17TH DAY OF JULY, 2022, A TRUE AND CORRECT COPY OF THE FOREGOING WAS FILED ELECTRONICALLY THROUGH THE COURT'S CM/ECF SYSTEM AND WAS AUTOMATICALLY COPIED TO ALL COUNSEL AND/OR PARTIES OF RECORD THROUGH THE COURT'S ELECTRONIC FILING SYSTEM.

/S/ Chloe Baker

Pro Se